UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RAYSHAWN DONALDSON,

Petitioner,

v.

DAVID E. ORTIZ,

Respondent.

Civ. No. 21-14603 (NLH)

OPINION

APPEARANCES:

Rayshawn Donaldson
32050-057
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

*Petitioner Pro se*

Phillip R. Sellinger, United States Attorney
John T. Stinson, Jr., Assistant United States Attorney
Office of the U.S. Attorney
401 Market Street, 4th Floor
Camden, NJ 08101

*Counsel for Respondent*

HILLMAN, District Judge

Petitioner Rayshawn Donaldson, a prisoner presently confined at FCI Fort Dix, New Jersey, filed this petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that his conviction is invalid due to the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019). ECF No. 1. Respondent United States argues that the petition should be

dismissed for lack of jurisdiction or denied on the merits. ECF No. 9. For the reasons that follow, the Court will deny the petition.

I. BACKGROUND

Petitioner pled guilty on January 4, 2016 to being a convicted felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(e) in the United States District Court for the Middle District of North Carolina. United States v. Donaldson, No. 1:15-cr-00381 (M.D.N.C. Jan. 4, 2016); ECF No. 9-4 at 6. The trial court sentenced Petitioner to a total term of 180 months incarceration. Donaldson, No. 1:15-cr-00381 (M.D.N.C. June 8, 2016) (ECF No. 26); ECF No. 9-4 at 8. Petitioner did not file a direct appeal.

On April 20, 2017, Petitioner filed a motion to correct, vacate, or set aside his conviction based on the Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015). Donaldson, No. 1:15-cr-00381 (M.D.N.C. Apr. 20, 2017) (ECF No. 28); ECF No. 9-4 at 8. The sentencing court denied the § 2255 motion. Donaldson, No. 1:15-cr-00381 (M.D.N.C. June 16, 2017) (ECF No. 37); ECF No. 9-4 at 10. The United States Court of Appeals for the Fourth Circuit denied a certificate of appealability. United States v. Donaldson, 700 F. App'x 299 (4th Cir. 2017). Petitioner filed a second § 2255 motion on May 29, 2018. Donaldson, No. 1:15-cr-00381 (M.D.N.C. May 29, 2018)

(ECF No. 48); ECF No. 9-4 at 12. The sentencing court dismissed it as an unauthorized second or successive § 2255 motion. Donaldson, No. 1:15-cr-00381 (July 2, 2018) (ECF No. 52); ECF No. 9-4 at 13.

Petitioner filed his third § 2255 motion on May 22, 2020. Donaldson, No. 1:15-cr-00381 (M.D.N.C. May 22, 2020) (ECF No. 54); ECF No. 9-4 at 14. Petitioner referenced Rehaif in this motion and "argued that 'the guilty plea was not supported by an independent factual basis containing each of the elements of the offense to which he was pleading.'" ECF No. 9 at 8 (citing Donaldson, No. 1:15-cr-00381 (M.D.N.C. May 22, 2020) (ECF No. 54)). The Fourth Circuit denied Petitioner leave to file a successive § 2255 motion. In re: Rayshawn Donaldson, No. 20-302 (4th Cir. Oct. 6, 2021).

Petitioner filed this § 2241 on August 3, 2021. ECF No. 1. He argues his "[g]uilty plea for § 922(g)(1) conviction should be thrown out because my guilty plea never alleged that I knew I had been convicted of a prior felony and I am actually innocent of violating statute § 922(g)(1)." Id. at 6. "[T]he guilty plea was not supported by an independent factual basis containing each of the elements of the offense to which I was pleading. That's because the 'knowing' element was omitted from my indictment. Thus, it is fundamental in the Fourth Circuit that a knowing, voluntary, and intelligent guilty plea to an

offense must conclusively establish the elements of the offense and the material facts necessary to support the conviction." Id.

The United States argues this Court lacks jurisdiction under § 2241 "because [Petitioner] has no legitimate assertion to 'actual innocence' on the felon-in-possession charge to which he pleaded guilty." ECF No. 9 at 12. Alternatively, the United States argues the petition should be denied on the merits.

## II. STANDARD OF REVIEW

Title 28, Section 2243 of the United States Code provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002).

## III. ANALYSIS

"A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" Bousley v. United States, 523 U.S. 614, 618 (1998) (citing Brady v. United States,

397 U.S. 742, 748 (1970)). "We have long held that a plea does not qualify as intelligent unless a criminal defendant first receives 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" Id. (quoting Smith v. O'Grady, 312 U.S. 329, 334 (1941)). Petitioner argues his guilty plea is invalid because it "never alleged that I knew I had been convicted of a prior felony and I am actually innocent of violating statute § 922(g)(1)." ECF No. 1 at 6.

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Jackman v. Shartle, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Snyder v. Dix, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); see also In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).

The Court lacks jurisdiction over Petitioner's challenge to the voluntariness of his guilty plea because he has not shown that § 2255 is ineffective or inadequate. The Fourth Circuit's denial of Petitioner's motion under 28 U.S.C. § 2244 for an

order authorizing a second or successive § 2255 motion does not mean that § 2255 is ineffective or inadequate. "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).[1]

Turning to Petitioner's actual innocence claim, prisoners in the Third Circuit may use § 2241 to challenge their convictions only after two conditions are satisfied: (1) there must be "a claim of actual innocence on the theory that [the prisoner] is being detained for conduct that has subsequently been rendered non-criminal . . . in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review," and (2) "the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013)). The Court "[assumes], without deciding, that

[1] Additionally, "the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." Bousley, 523 U.S. at 621. Petitioner did not file a direct appeal; however, it makes little difference because Petitioner would have to show actual innocence to overcome the procedural default of his claim of plea colloquy error. Id. at 623. Petitioner cannot satisfy the actual innocence standard for the reasons discussed below.

[Petitioner's] claim invoking Rehaif could fall within that narrow exception . . . ." Oscar v. Warden Allenwood USP, No. 20-2398, 2022 WL 17248106, at *1 (3d Cir. Nov. 28, 2022).

Section 922(g) of Title 18 makes it unlawful for certain persons to possess "any firearm or ammunition." As is relevant here, persons "who [have] been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" are included in the statute's list of prohibited persons. 18 U.S.C. § 922(g)(1). "A separate provision, § 924(a)(2), adds that anyone who 'knowingly violates' the first provision shall be fined or imprisoned for up to 10 years." Rehaif, 139 S. Ct. at 2194 (emphasis omitted). "In felon-in-possession cases after Rehaif, the Government must prove not only that the defendant knew he possessed a firearm, but also that he knew he was a felon when he possessed the firearm." Greer v. United States, 141 S. Ct. 2090, 2095 (2021) (emphasis in original).

"When actual innocence relies on an intervening interpretation of substantive criminal law, the actual-innocence gateway standard requires a petitioner to show that, in light of all the evidence, it is more likely than not that no reasonable juror properly instructed on the intervening interpretation would have convicted him." Cordaro v. United States, 933 F.3d 232, 241 (3d Cir. 2019) (citing Bruce v. Warden Lewisburg USP, 868 F.3d 170, 184 (3d Cir. 2017)). "'[A]ctual innocence' means

factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623. "In other words, the Government is not limited to the existing record to rebut any showing that petitioner might make. Rather . . . the Government should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy . . . ." Id. at 624.

Rehaif does not require the United States to prove that Petitioner knew that he was not permitted to carry firearms; the United States must only prove that Petitioner knew he was a felon. United States v. Sanabria-Robreno, 819 F. App'x 80, 83 (3d Cir. 2020) ("[T]he Government would have had to prove that [defendant] knew at the time that he possessed the firearm that he had been convicted of a crime punishable by more than one year of imprisonment."), cert. denied, 141 S. Ct. 2817 (2021). The Court has reviewed the parties' submissions and concludes that in light of all the evidence, a reasonable, properly-instructed juror could have concluded that Petitioner knew at the time of the relevant offense that he had a prior conviction punishable by more than a year incarceration. As such, Petitioner has not satisfied the actual innocence standard.

Petitioner's federal indictment reads:

> On or about April 26, 2015, in the County of Lee, in the Middle District of North Carolina, RAYSHAWN [NMN] DONALDSON, having three previous convictions in any

> court for a violent felony or a serious drug offense, or both, committed on occasions different from one another, and each conviction being for a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in commerce and affecting commerce a firearm, that is, an HS Products .45 caliber handgun; in violation of Title 18, United States Code, Sections 922 (g) (1) and 924 (e).

ECF No. 9-1 at 2. The indictment itself is not evidence of Petitioner's mental state at the time of the offense, but it put Petitioner on notice of the United States' allegations against him and what it was prepared to prove to a jury beyond a reasonable doubt. See Bousley, 523 U.S. at 618 (noting that the receipt of a copy of indictment prior to pleading guilty gives rise to a presumption that defendant was informed of the nature of the charge against him). Additionally, the United States submitted a factual basis for a plea that stated in part: "[a] check of the defendant's criminal history revealed that he was convicted on October 22, 2001 of Assault with a Deadly Weapon with Intent to Kill Inflicting Serious Injury in the Superior Court of Lee County and sentenced to a term of imprisonment ranging from 151 to 191 months." ECF No. 9-2 at 5; Donaldson, No. 1:15-cr-00381 (M.D.N.C. Dec. 11, 2015) (ECF No. 11).

Petitioner also gave a voluntary statement to the Sanford Police Department on April 26, 2015: "I was at the Tiki. I got into a car with Aaron. They told me that there was a gun in the car. I am a felon and did 13 yrs in prison." ECF No. 9-5 at 2.

Petitioner's statement to police alone indicates he was aware of his felon status on April 26, 2015. It is not likely at all, let alone more likely than not, that a reasonable juror presented with this information would believe Petitioner did not know on April 26, 2015 that he had been convicted of a crime punishable by more than one year imprisonment. "If a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets." Greer v. United States, 141 S. Ct. 2090, 2097 (2021) (internal quotation marks omitted). "[A]bsent a reason to conclude otherwise, a jury will usually find that a defendant knew he was a felon based on the fact that he was a felon." Id. (emphasis in original). Petitioner has provided the Court with no such reason to conclude otherwise. Therefore, he has not satisfied the actual innocence standard, and the Court will deny the habeas petition.

IV. CONCLUSION

For the foregoing reasons, the Court will deny the habeas petition. An appropriate order will be entered.

Dated: April 6, 2023
At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.